O
JS-6

# United States District Court
# Central District of California

MOISES URIETA,

    Plaintiff,

v.

CAPITAL BENEFIT, INC. et al.,

    Defendants.

Case № 2:22-cv-07877-ODW (JEMx)

**ORDER GRANTING MOTION TO DISMISS [13]**

## I.    INTRODUCTION

Plaintiff Moises Urieta brings this loan modification action asserting claims including violation of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). (Compl., ECF No. 1.) Defendant Capital Benefit, Inc. moves to dismiss Urieta's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss ("Mot." or "Motion"), ECF No. 13.) For the reasons discussed below, the Court **GRANTS** Capital Benefit's Motion.[1]

## II.    BACKGROUND

The Court accepts the well-pleaded allegations as true and in the light most favorable to Urieta. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

The subject of this action is a loan (the "Loan") taken by Urieta, which he secured with property he owned at 801 Cambria Ave., Santa Maria, CA 92455 (the "Property"). (Compl. ¶ 1.) Capital Benefit is the purported current beneficiary and servicer of the Loan. (*Id.* ¶ 2.) Although the allegations are not wholly intelligible, Urieta appears to claim that Capital Benefit misled him regarding a potential loan modification, which prevented Urieta from "correcting his loan," and led to the foreclosure of the Property. (*Id.* ¶¶ 11–19.)

Urieta asserts seventeen claims against Capital Benefit,[2] relating to deceptive lending and fraudulent business practices, including two federal claims for violation of TILA, 15 U.S.C. §1601, and RESPA, 12 U.S.C. § 2601. (*Id.* ¶¶ 20–99.) Capital Benefit moves to dismiss all claims; the Motion is fully briefed. (Opp'n, ECF No. 24; Reply, ECF No 25.)

Capital Benefit attaches several exhibits to the Motion. (*See* Decl. Marcel Bruetsch ISO Mot. ("Bruetsch Decl.") Exs. A–J, ECF Nos. 13-1 through 13-11.) On a motion to dismiss, the Court is limited to the pleadings and matters incorporated by reference or subject to judicial notice. *Lee*, 250 F.3d at 688–89. Of the documents Capital Benefit submits, the Court finds that the original loan application, (Ex. A), and the loan modification application, (Ex. J), are incorporated by reference in the Complaint, as Urieta's claims rely on them and he does not dispute their authenticity. *Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013); (*see* Compl. ¶¶ 1, 11; *see generally* Opp'n). The Court does not consider Capital Benefit's other exhibits.

---

[2] Urieta also named Defendants S.B.S. Trust Deed Network, Gaukroger Enterprises Real Estate & Investment Co., and Michael G. Gaukroger in the Complaint. S.B.S. is proceeding under uncontested Non-Monetary Status. (Decl. Non-Monetary Status, ECF No. 22.) The Court dismissed Gaukroger Enterprises Real Estate & Investment Co. and Michael G. Gaukroger. (Min. Order, ECF No. 32.) Accordingly, Capital Benefit is the only remaining Defendant.

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The factual "allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), which means the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### IV. DISCUSSION

Capital Benefit argues the Court should dismiss Urieta's claims because they derive from TILA and RESPA, but those statutes do not apply since Urieta obtained the Loan for business and not personal purposes. (Mot. 3–4.) Urieta's causes of action for violation of TILA and RESPA provide the basis for this Court's subject matter jurisdiction, so the Court considers them first.

**A. TILA & RESPA Claims**

Urieta alleges that Capital Benefit violated TILA and RESPA and seeks rescission and damages. (Compl. ¶¶ 34–35, 42.)

Rescission and damages are available as remedies for violations of TILA only in "consumer credit transactions." *Gilliam v. Levine*, 955 F.3d 1117, 1120 (9th Cir. 2020) ("*Gilliam I*") (quoting 15 U.S.C. § 1635(i)(4) & 12 U.S.C. § 2606(a)); *see also* 12 C.F.R. § 226.1(a)–(b) (implementing TILA). A loan qualifies as a "consumer

credit transaction" under TILA if the loan was issued (1) to a natural person, and obtained (2) "primarily for personal, family, or household purposes." *Gilliam I*, 955 F.3d at 1120 (quoting 15 U.S.C. § 1602(i)). Thus, loans obtained primarily for business purposes are not covered by TILA. 15 U.S.C. § 1603. Similarly, "RESPA does not apply to 'credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes.'" *Gilliam I*, 955 F.3d at 1120 (citing 12 U.S.C. § 2606(a)(1)); *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 417–18 (9th Cir. 2011).

It is the borrower's burden to establish the purpose for which they obtained the subject loan. *Gilliam I*, 955 F.3d at 1120 ("[A] borrower must demonstrate that the loan was . . . obtained . . . primarily for personal, family, or household purposes."). Although the purpose of a loan is typically a factual issue, *see Thorns v. Sundance Props.*, 726 F.2d 1417, 1419 (1984), it may be resolved as a matter of law where the facts compel the conclusion that the loan was "primarily for business purposes," *Gilliam v. Levine*, 562 F. Supp. 3d 614, 622 (C.D. Cal. 2021), *aff'd sub nom. Gilliam, Tr. of Lou Easter Ross Revocable Tr. v. Levine, Tr. of Joel Sherman Revocable Tr.*, No. 21-56257, 2023 WL 2770922 (9th Cir. Apr. 4, 2023).

Capital Benefit argues that Urieta obtained the Loan "primarily for a business" purpose, which means the Loan is not covered by TILA or RESPA as a "consumer credit transaction." (Mot. 7–9.) Urieta does not disagree. In fact, Urieta acknowledges that TILA and RESPA do not apply to business loans, (Opp'n 3:15–16), and admits that the Loan was indeed a "business loan deal," (*id.* at 3:20; Decl. Joseph Bakhos ISO Opp'n ¶ 3, ECF No. 24 ("[Urieta's] loan was for only an investment property . . . .").) Urieta's concessions are confirmed by the Loan Application, in which Urieta expressly indicates his intent to secure the Loan for "Investment" purposes. (Bruetsch Decl. Ex. A at 1.) Accordingly, Urieta's TILA and RESPA claims fail as a matter of law. *See Johnson*, 635 F.3d at 418 (holding that the conclusion a loan was obtained for a "business purpose" was "the end of the matter").

Accordingly, the Court **DISMISSES** the TILA and RESPA claims. As Urieta concedes the dispositive facts, leave to amend would be futile and is therefore denied.

### B. Remaining Claims & Supplemental Jurisdiction

A court may properly decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[N]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . ."). Having dismissed the claims giving rise to original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. The Court accordingly **DISMISSES** the remaining claims without prejudice.

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Capital Benefit's Motion to Dismiss. (ECF No. 13.) The Court **DISMISSES** Urieta's third and fourth causes of action, for violation of TILA and RESPA, with prejudice. The Court **DISMISSES** Urieta's remaining causes of action without prejudice. Judgment will issue consistent with this Order. All dates are **VACATED**. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

May 12, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**